| |
|---|
| **Velasco v Skyline Restoration Inc.** |
| 2025 NY Slip Op 32916(U) |
| August 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157350/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

-------------------------------------------------------------------X

ALEJANDRO VELASCO,

Plaintiff,

- v -

SKYLINE RESTORATION INC.,1199 HOUSING CORPORATION,

Defendant.

-------------------------------------------------------------------X

SKYLINE RESTORATION INC.

Plaintiff,

-against-

ONETEAM RESTORATION INC.

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 157350/2021 |
| MOTION DATE | 09/27/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596100/2021

The following e-filed documents, listed by NYSCEF document number (Motion 003) 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 158, 159, 160, 161, 162, 163, 166, 167, 174

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, and after oral argument on May 27, 2025, where Jeffrey Schietzelt, Esq. appeared for Plaintiff Alejandro Velasco ("Plaintiff"), Katherine M. Weiss, Esq. appeared for Defendants Skyline Restoration Inc. ("Skyline") and 1199 Housing Corporation ("1199 Housing Corp.") (collectively "Defendants"), and Third-Party Defendant Oneteam Restoration Inc. ("Oneteam") did not appear, Defendants' motion for summary judgment dismissing Plaintiff's Complaint is denied. Plaintiff's cross motion seeking leave to serve a supplemental Bill of Particulars is denied.

157350/2021  VELASCO, ALEJANDRO vs. SKYLINE RESTORATION INC.
Motion No. 003

Page 1 of 4

## I.    Background

On July 22, 2021, Oneteam employed Plaintiff as a laborer at 2120 1st Avenue, New York, New York (the "Premises") (NYSCEF Doc. 119). Plaintiff was disassembling a scaffold at the Premises when he heard a cracking sound, the scaffold collapsed, and Plaintiff fell to the floor (NYSCEF Doc. 120 at 104; 113; 115). 1199 Housing Corp. owned the Premises and contracted Skyline as a general contractor (NYSCEF Doc. 126). Skyline contracted Oneteam for masonry and façade work at the Premises (NYSCEF Doc. 122 at 21; 24; 96). According to Skyline, it was Oneteam's duty to inspect the scaffolds (NYSCEF Doc. 122 at 39). Skyline's witness could not explain why a lifeline or anchor point was not nearby the scaffold that caused the accident (NYSCEF Doc. 122 at 49). Skyline's witness also testified the scaffold which injured Plaintiff did not appear to be secured to the building (NYSCEF Doc. 122 at 70-71). Plaintiff's liability expert, Nicholas Bellizzi, P.E., opined that the failure to provide Plaintiff with a lifeline and Defendants' failure to secure the scaffold to the building violated Labor Law § 240(1) (NYSCEF Doc. 129 at ¶¶ 22-23).

In motion sequence 002, this Court granted Plaintiff summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim and denied Plaintiff's motion for summary judgment on the issue of liability with respect to his Labor Law § 241(6) claim as academic. In this motion, Defendants seek dismissal of Plaintiff's Labor Law §§ 240(1), 241(6), and 200 claims, and Plaintiff's common law negligence claim. Plaintiff cross-moves seeking leave to serve a supplemental bill of particulars.

## II.    Discussion

Defendants' motion for summary judgment is denied. Defendants' motion is denied with respect to Plaintiff's Labor Law § 240(1) claim, as Plaintiff was granted summary judgment with

**157350/2021   VELASCO, ALEJANDRO vs. SKYLINE RESTORATION INC.**          **Page 2 of 4**
Motion No.  003

[* 2]                                                          2 of 4

respect to his Labor Law § 240(1) claim in motion sequence 002. Because Plaintiff was granted summary judgment with respect to his Labor Law § 240(1) claim, the issue of liability with respect to his Labor Law § 241(6) claim is academic (*Perez v 1334 York, LLC*, 234 AD3d 455, 457 [1st Dept 2025]). However, the Labor Law § 200 and common law negligence claims are not academic due to potential apportionment of fault issues and third-party indemnification claims (*York v Tappan Zee Constructors, LLC*, 224 AD3d 527, 528 [1st Dept 2024]).

While Defendants may not be held liable under a means and methods theory of liability under Labor Law § 200, Defendants may be held liable under Labor Law § 200 and common law negligence because the allegedly defective scaffold may be considered a dangerous condition which Defendants had a duty to remedy (*see Herrero v 2146 Nostrand Avenue Associates, LLC*, 193 AD3d 421, 423 [1st Dept 2021]). Defendants failed to eliminate issues of fact as to notice. Defendants hired a site safety contractor to oversee safety on the Premises (NYSCEF Doc. 148 at 69), but the record is devoid of evidence as to what the site safety manager observed near the time of his accident. Moreover, according to Skyteam's witness, he communicated daily with his site safety manager, who allegedly "walk[ed] the site continuously all day to ensure all safety protocols were being taken." (NYSCEF Doc. 148 at 90). Skyteam's witness testified the site safety manager was responsible for overseeing the safety of scaffolds (*Id.* at 91-92). Given this testimony, and the lack of evidence establishing the site safety manager's observations or patrol schedule, Defendants failed to establish they lacked actual or constructive notice of the condition of the scaffold. Therefore, Defendants' motion for summary judgment is denied.

Plaintiff's cross motion seeking leave to supplement his Bill of Particulars to allege a violation of Industrial Code §§ 23-5.3(e), (g) and (h)(1) is denied. As explained, because Plaintiff is granted summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim,

**157350/2021  VELASCO, ALEJANDRO vs. SKYLINE RESTORATION INC.**
**Motion No.  003**

**Page 3 of 4**

[* 3]

3 of 4

arguments as to liability under Labor Law § 241(6) are academic. Because Defendants' liability under Labor Law § 241(6) is a moot issue, leave to supplement Plaintiff's Bill of Particulars to allege new theories of liability under Labor Law § 241(6) is also moot.

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint is denied; and it is further

ORDERED that Plaintiff's cross motion seeking leave to supplement his Bill of Particulars to allege further violations of the Industrial Code with respect to his Labor Law § 241(6) claim is denied as academic; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 8/20/2025 | May V Rosa JSC |
|---|---|
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | x | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

157350/2021   VELASCO, ALEJANDRO vs. SKYLINE RESTORATION INC.
Motion No.  003

Page 4 of 4

[* 4]